IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY LEWIS REASONER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-1121-RP |
| KIM KELLEY, GREER BUNCE, NICOLE DUMAS, SONNY MELENDEZ, THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Gregory Lewis Reasoner's ("Reasoner") Motion to Remand, (Dkt. 17); a response by Defendants Kim Kelley, Greer Bunce, Nicole Dumas, and Sonny Melendez (collectively, "Claimants"), (Dkt. 20); and a response by Defendant The Prudential Life Insurance Company of America ("Prudential"), (Dkt. 22). Having considered the parties' briefs, the record, and applicable law, the Court will deny Reasoner's motion.

## I. BACKGROUND

This case involves a dispute over the proceeds to a group life insurance policy subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Reasoner was the husband of the insured, Deborah Sharon Puccio, at the time of her death. (Orig. Pet., Dkt. 1-1, at 6). Puccio designated Reasoner as the sole primary beneficiary of her life insurance plan on January 1, 2018. (Prudential Resp., Dkt. 22, at 3). So he remained until September 24, 2018, when Puccio designated the Claimants as the beneficiaries of the life insurance plan. (*Id.*; Orig. Pet., Dkt. 1-1, at 9). Reasoner filed his original petition in state court two months later, alleging that the Claimants brought about the change in beneficiary designation through tortious interference with a contract, defamation, and using undue influence on a heavily medicated Puccio, who at the end of a battle with terminal breast

1

cancer lacked the capacity to make the change. (Orig. Pet., Dkt. 1-1, at 8–1). Prudential, the current custodian of the life insurance proceeds, removed this case to this Court on December 27, 2018. (Not., Dkt. 1). Reasoner now seeks to remand this case to state court. (Mot., Dkt. 17).

## II. LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). District courts have subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Such "federal question" jurisdiction exists "only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008) (cleaned up) (citations omitted). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Id.* The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. DISCUSSION

Prudential removed this case to this Court on the basis of the Court's federal question jurisdiction. (Not., Dkt. 1, ¶ 2). According to Prudential, the life insurance policy at issue in this action is governed by ERISA, which provides exclusive administrative and federal remedies for claims relating to ERISA-regulated plans. (*Id.* ¶ 14). In his motion to remand, Reasoner does not

2

dispute that Puccio's life insurance policy is subject to ERISA; rather, he argues that the probate exception to federal jurisdiction applies. (Dkt. 17, at 3).[1]

The probate exception to federal jurisdiction operates to prevent a federal court from exercising *in rem* jurisdiction over a *res* in the custody of a state probate court. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013); *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," as well as the power to "dispose of property that is in the custody of a state probate court." *Curtis*, 704 F.3d at 409 (quoting *Marshall*, 547 S.Ct. at 311–12). Outside of those confines, the probate exception does not prevent federal courts from adjudicating matters over which they otherwise have jurisdiction. *Id.*

Prudential and Claimants agree that the proceeds to Puccio's life insurance policy are not assets of her estate and that her estate is not a beneficiary of the life insurance policy. (Prudential Resp., Dkt. 22, at 6; Claimants' Resp., Dkt. 20, at 3). Reasoner does not allege in either his original petition or motion to remand that the life insurance proceeds are assets of Puccio's estate; rather, he seeks to recover the life insurance proceeds for himself, in his individual capacity. (*Id.*). Moreover, Prudential and Claimants both aver that the proceeds to the life insurance policy are in the custody of Prudential, not the state probate court. (Prudential Resp., Dkt. 22, at 7; Claimants' Resp., Dkt. 20, at 7). Accordingly, the probate exception does not apply.

Reasoner does not respond to these arguments. His motion to remand relies instead on the argument that the probate exception applies because "property exists in the Estate under the jurisdiction of the Travis County Probate Court." (Mot., Dkt. 17, at 3). He specifically refers to a

---

[1] In his motion to remand, Reasoner does not address Prudential's assertion that Puccio's life insurance policy is subject to ERISA. Neither did Reasoner file a reply brief challenging Prudential's assertion that by arguing for the probate exception, he had "conceded" that the life insurance policy is subject to ERISA. (Resp., Dkt. 22, at 6). The Court therefore finds that Reasoner has conceded that Puccio's life insurance policy is subject to ERISA. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (a party waives an issue if he fails to adequately brief it).

3

KIA Sorento and money from Puccio's bank account allegedly taken by Defendant Kelley. (*Id.* at 3–4). Neither of these assets, however, have anything to do with the life insurance proceeds. Nor does the life insurance policy have anything to do with Puccio's estate—it is not alleged to be an estate asset, and it will go to either Reasoner or Claimants, not the estate. Reasoner's argument that the state probate court has jurisdiction over Puccio's estate is therefore not germane to whether the probate exception applies.

Accordingly, the Court finds that Defendants have met their burden to demonstrate that this Court has jurisdiction over the disputed proceeds to Puccio's life insurance policy. The Court finds that it has federal question jurisdiction over this case under ERISA and that the probate exception does not apply to divest the Court of that jurisdiction. The Court therefore finds that this case should not be remanded.[2]

## IV. CONCLUSION

For these reasons, Reasoner's Motion to Remand, (Dkt. 17), is **DENIED**.

**SIGNED** on March 18, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that it has federal question jurisdiction over this case, the Court does not address Reasoner's argument that the Court lacks diversity jurisdiction to adjudicate this matter.